IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMCAST SPECTACOR, LLC | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FACTORY MUTUAL INSURANCE | : | NO. 23-2476 |
| COMPANY | : | |

MEMORANDUM

Bartle, J.                                         August 10, 2023

This action was timely removed from the Court of Common Pleas of Philadelphia County based on diversity of citizenship and the requisite amount in controversy.  See 28 U.S.C. § 1332(a).

Plaintiff, the owner of the Philadelphia Flyers and the Wells Fargo Center, seeks to have this action reassigned to the judge presiding over two earlier filed actions.  Plaintiff maintains that this action is related to Philadelphia Eagles Limited Partnership v. Factory Mutual Insurance Co. ("Eagles Case"), Civ. A. No. 21-1776 (E.D. Pa. filed Apr. 15, 2021), and to SPF Owners, LLC v. Hartford Fire Insurance Co. ("76ers Case"), Civ. A. No. 22-1333 (E.D. Pa. filed Apr. 6, 2022).

In all three actions, the plaintiffs are suing their insurers as a result of lost profits due to the inability to hold sporting events because of the COVID-19 pandemic.  The 76ers Case is seeking to recover for lost profits at locations in both Pennsylvania (including Wells Fargo Center) and New

Jersey.  The Eagles Case alleges losses at Lincoln Financial Field.  Here the plaintiff is seeking to recover for losses at the Wells Fargo Center.

Local Rule of Civil Procedure 40.1 governs the assignment and reassignment of "related cases."  Newly filed cases are related to a prior filed civil case if they "involve a transaction or occurrence which was the subject of an earlier numbered suit."  When the relationship is called to the attention of the assigned judge, that judge may refer the case to the Chief Judge to make a reassignment to the judge presiding over the earlier case.  It is up to the judge randomly assigned to the later case to make an initial determination as to whether the cases are related.  If the assigned judge determines that they are related, he or she refers the later case to the Chief Judge for reassignment.  If the assigned judge determines that they are not related, that ends the matter and the case stays with the assigned judge.

Plaintiff asserts that the three cases address the "same factual issue," that is "lost profits suffered by a plaintiff Philadelphia-based sports organization because of COVID-19's impact on each plaintiff's use of its stadium to hold games (hockey, football, or basketball)."  The fact that the plaintiffs in all three cases are separate Philadelphia professional sports organizations does not make the cases

related.  The fact that plaintiffs all claim insurance coverage for COVID-19 associated losses does not make the cases related. The fact that the defendant in this action and in the Eagles Case is the same insurer and same policy language does not make them related.

Suits against insurers for coverage for COVID-19 associated losses are not uncommon in this district.  The material policy language in issue is often the same or similar. Local Rule 40.1, however, is not triggered simply because cases may involve the same or similar legal issues.  The actions must involve the same transaction or occurrence.  Sellers v. Phila. Police Comm'r., Civ. A. No. 01-3760, 2002 WL 32348499 (E.D. Pa. Feb. 7, 2002), cited by the plaintiff, is inapposite.  There the court found cases to be related where the defendants' discrete wrongful conduct against the plaintiffs in each case occurred at the same time and place.

The defendant insurer in the 76ers Case is Hartford Fire Insurance Company, while in both the Eagles Case and this case it is Factory Mutual Insurance Company.  However, the property involved in the Eagles Case and this case are different, that is, Lincoln Financial Field and Wells Fargo Center respectively.  Surely, the impact of a nationwide pandemic in each case does not constitute a common transaction or occurrence under Local Rule 40.1.  It would distort the

-3-

random assignment process if all COVID-19 cases by different plaintiffs against insurers for lost profits or even those COVID-19 cases against the same insurer with similar policies are to be assigned to the same judge as related.

The court acknowledges that one of the underlying purposes of Rule 40.1 is to promote judicial economy. Based on the undersigned's docket, judicial economy will not be advanced by burdening another judge with this action.

The undersigned has reviewed the relevant filings in each of these actions and finds that this action is not related under Local Rule 40.1 to the 76ers Case or to the Eagles Case. They do not have the "same factual issue." The pending action does not involve a transaction or occurrence which is the subject of the earlier numbered actions. Thus, the motion of plaintiff Comcast Spectacor, LLC to reassign this matter will be denied.